# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No.: 8:18-cr-524-WFJ-CPT

KLEINER MICHAEL MOREIRA
CRUZ

_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Kleiner Michael Moreira Cruz, USM#: 71304-018, moves (Dkt. 162) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On May 31, 2019, Kleiner Michael Moreira Cruz was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii) to 89 months. Kleiner Michael Moreira Cruz's total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Moreira Cruz's advisory sentencing range was 135-168 months, and he received a downward departure below the guidelines (two level departure to 31) and a downward variance, to which the Government objected, all for a sentence below the bottom of both the advisory range and the two-level departure range. The Bureau of Prisons reports that his projected release is May 5, 2025.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Kleiner Michael Moreira Cruz is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Kleiner Michael Moreira Cruz's eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 2-month reduction in sentence).  The requested reduction is based on a comparable substantial assistance departure to an offense level 29, which is 87 to 108 months range.

The Court exercises its discretion to deny such a reduction.  The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction.  The Court notes the Defendant previously received merciful consideration with a § 5k1.1 downward departure <u>and</u> a downward variance.  He was sentenced four points below the guideline levels which came after a "safety valve" reduction as well.  *See* Dkt. 53 at 5–7.  The statutory considerations of avoiding unwarranted sentencing disparities and

3

promoting respect for the law require this motion to be denied. This was a very large smuggling operation, transnational in scope. *See* Dkt. 53 at 5 ¶¶ 13–16. Well over one ton of cocaine was seized from Defendant and his colleagues.

    Mr. Kleiner Michael Moreira Cruz's motion (Dkt. 162) for a reduction in sentence is **DENIED**.

    **DONE AND ORDERED** at Tampa, Florida on October 23, 2024.

                                              WILLIAM F. JUNG
                                              UNITED STATES DISTRICT JUDGE